*It is not expedient to grant it where the case has been once so heard, and the party has a remedy by homine replegiando.*

## *Ex parte* LAWRENCE.

PHILLIPS on behalf of *Ann Lawrence*, petitioned the Court for a *habeas corpus* under the act of 1785, to one *Joseph Vogdes*, to bring up the body of *Adam Lawrence* then in his custody as a slave, whereas, according to the suggestion, he was free.

It was stated by the counsel, that the case had been already heard upon a *habeas corpus* by the Common Pleas of *Philadelphia* county, who remanded the prisoner; and that there was no new evidence to lay before this Court.

*Per Curiam.* We do not think that the act of assembly obliges this Court to grant a *habeas corpus*, where the case has been already heard upon the same evidence by another court; and we do not think it expedient in this case, because it has been already heard upon the same evidence, and the party is not without remedy, as he may resort to a *homine replegiando*. The Court are not however to be understood as saying, that they have not authority to issue a *habeas corpus* in such a case, if they should think it expedient.

*Habeas corpus* refused.